UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-10369 |
| Plaintiff, | Gerald E. Rosen |
| v. | United States District Judge |
| EARL SYLVESTER, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND**
**MOTION TO DISMISS COUNTERCLAIM (Dkt. 9) AND**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 13)**

**I.   PROCEDURAL HISTORY**

On January 27, 2014, plaintiff United States of America filed a complaint against defendant Earl Sylvester to collect the amount due on a promissory note. (Dkt. 1). The promissory note at issue was allegedly executed in 1979 by defendant to secure a loan authorized under Title IV-B of the Higher Education Act of 1865, 20 U.S.C. § 1701 *et seq.* by the U.S. Department of Education. On February 18, 2014, defendant filed his answer to the complaint, with affirmative defenses, and a counterclaim against plaintiff. (Dkt. 4). Plaintiff filed an answer to defendant's counterclaim on March 5, 2014. (Dkt. 6).

On May 14, 2014, plaintiff filed a motion for summary judgment against

1

defendant with regard to its complaint, and a motion to dismiss defendant's counterclaim. (Dkt. 9). Defendant filed a response to plaintiff's motion on September 8, 2014. (Dkt. 22). On June 20, 2014, defendant filed a motion for summary judgment with regard to its counterclaim (Dkt. 13), and plaintiff responded to defendant's motion on July 14, 2014. (Dkt. 16). These motions are now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment and motion to dismiss (Dkt. 9) be **GRANTED**, and that defendant's motion for summary judgment (Dkt. 13) be **DENIED as moot**.

## II. FACTUAL BACKGROUND

On or about February 9, 1979, defendant signed and executed a promissory note to receive funding pursuant to a State Direct Loan Program in the amount of $2100.00, at seven percent per annum. (Dkt. 1; Dkt. 9-1, Ex. A). The loan was guaranteed by the Michigan Higher Education Assistance Authority and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, 20 U.S.C. § 1071 *et seq*. Defendant defaulted on the payment obligations under the promissory note on February 1, 1981, and the holder filed a claim on the guarantee. The guaranty agency paid a claim in the amount of $1,828.20 to the

holder, and the Department then reimbursed the guarantor for that claim payment under its reinsurance agreement. The guarantor attempted to collect the debt from defendant, but was unable to and on November 21, 1992, it assigned its right and title to the loan to the Department. As a result of the accruing interest and lack of payment in full, plaintiff claims defendant owed $5600.11 as of January 27, 2014, the date the complaint was filed. (Dkt. 1). Interest continues to accrue at a rate of $0.34 per day. (*Id.*) Plaintiff filed this action and the pending motion to recover this unpaid balance.

Defendant answered the complaint, denying liability and claiming that the debt had been paid off. Defendant also filed a counterclaim alleging that the United States withheld federal and state income tax returns with relation to this debt.

### III. ANALYSIS AND CONCLUSIONS

#### A. Standards of Review

##### 1. Motion for Summary Judgment

Summary judgment is appropriately rendered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 362 (6th Cir. 2012), *cert. denied*, 133 S.

Ct. 282 (2012). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Moses v. Providence Hosp. & Med. Ctrs., Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 (6th. Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). Once the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. Fed. R. Civ. P. 56(e)(2), (3); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury

4

could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see also Donald v. Sybra, Inc.*, 667 F.3d 757, 760-61 (6th Cir. 2012).

 A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden–the plaintiff on a claim for relief or the defendant on an affirmative defense–his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET. AL. MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.3d at 1056. Accordingly, a summary judgment in favor of

the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### 2. Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may assert a motion to dismiss an opposing party's claim for relief where there is a failure to state a claim upon which relief can be granted. The inquiry on a motion to dismiss is whether the complaint sets forth allegations sufficient to make out the elements of a right to relief. *Jackson v. Richards Medical Co.*, 961 F.2d, 575, 577-78 (6th Cir. 1992). Matters outside the pleadings are not to be considered and all well-pleaded facts must be taken as true. *Id*. In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court construes the complaint in the light most favorable to the plaintiff, and must determine whether the plaintiff can prove any set of facts that would entitle him to relief. *Alford v. City of Detroit*, 657 F. Supp.2d 847, 851 (E.D. Mich. 2009). While "conclusory allegations or legal conclusions masquerading as factual assertions" are insufficient, all reasonable inferences which might be drawn from the pleadings must be indulged. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

### B. Plaintiff's Motion for Summary Judgment (Dkt. 9)

"To recover on a promissory note the government must first make a prima

facie showing that (1) the defendant signed it, (2) the government is the present owner or holder of the note and (3) the note is in default." *U.S. v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) (citing *U.S. v. MacDonald*, 1994 WL 194248, at *2 (6th Cir. 1994) (per curiam); *U.S. v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)). "Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation." *Id.* (citing *U.S. v. Davis*, 28 Fed. Appx. 502, 503 (6th Cir. 2002)).

### 1. Plaintiff has established a prima facie case

The Government can establish "a prima facie case that it is entitled to collect on a promissory note [by introducing] the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst." *Guillermety v. Sec'y of Educ.*, 341 F. Supp.2d 682, 688 (E.D. Mich. 2003) (citing *Davis*, 28 Fed. Appx. at 503). In *Davis*, the Sixth Circuit found a district court had properly granted summary judgment to the government when it attached a promissory note to its complaint and filed a certificate of indebtedness from the Department. *Davis*, 28 Fed. Appx. at 503. A loan analyst also certified under penalty of perjury that the defendant had defaulted on his loan and was indebted to the government. *Id.*; *see also U.S. v. Jester*, 2010 WL 5330482, at *1 (E.D. Mich. Dec. 21, 2010) (finding that the government established a prima facie case when it included a promissory note and a certificate of indebtedness signed by a loan analyst under

7

penalty of perjury with the summary judgment motion); *U.S. v. Rippy*, 2009 WL 1600711, at *1 (E.D. Mich. June 8, 2009) (finding that government established its prima facie case when it attached a copy of a promissory note that was signed by the defendants, a certificate of indebtedness and a signed affidavit from a loan analyst).

As in *Davis,* plaintiff has established its prima facie case. Plaintiff here attached a copy of the promissory note signed by defendant in the amount of $2100.00. (Dkt. 9-1). Plaintiff also filed a Certificate of Indebtedness signed under penalty of perjury by a loan analyst, indicating that defendant defaulted on the loan. (Dkt. 1) The Certificate of Indebtedness also states that the loan was ultimately assigned to the government. The undersigned thus concludes that plaintiff has established its prima facie case, and the burden shifts to defendant to "prov[e] the nonexistence, extinguishment or variance in payment of the obligation." *Petroff-Kline*, 557 F.3d at 290.

### 2. Defendant has not proven the nonexistence, extinguishment, or variance in payment of the obligation

In order to rebut the government's prima facie case, "[i]t is not sufficient for the defendant to merely allege nonliability." *U.S. v. Johnson*, 2005 WL 1355097, at *3 (E.D. Mich. May 4, 2005) (citing *U.S. v. Durbin*, 64 F. Supp.2d 635, 636 (S.D. Tex. 1999)). Instead, defendant must "produce specific and concrete

8

evidence of the nonexistence, payment, discharge, or deferment of the debt." *Id.* "Cancelled checks, bank statement, tax records, and sworn affidavits may be acceptable as evidence of payment. However, unsworn handwritten letters or notes are not sufficient." *U.S. v. Wendl*, 2012 WL 2601381, at *2 (E.D. Mich. May 22, 2012) (internal citations omitted), *adopted by* 2012 WL 2601379 (E.D. Mich. July 5, 2012). "Furthermore, the statute of limitations, laches, and failure of consideration are not recognized as valid defenses in student loan default cases." *Id.* (citations omitted).

Here, defendant has failed to rebut plaintiff's prima facie case. Defendant does not deny that he executed the promissory note in question, or that the student loan financed his education. Defendant does dispute that the balance is owed. However, this alleged nonliability is not a sufficient defense.[1] *See U.S. v. Corley*, 2011 WL 309608, at *3 (E.D. Mich. Jan. 1, 2011) (granting the government's motion for summary judgment because the defendant had not "rebutted the competency or accuracy of the affidavit, promissory note, nor the Certificate of Indebtedness."); *U.S. v. Pratt*, 34 Fed. Appx. 191, 192 (6th Cir. 2002) (finding that

---

[1] Plaintiff argues that defendant failed to respond to plaintiff's discovery requests, including requests for admission, and that, pursuant to Fed. R. Civ. P. 36(a)(3), defendant is deemed to have admitted that he signed the promissory note, he did not make all payments as required under the note, and he owed $5,600.11. Defendant responds that he did not know he had to respond to the requests for admission within 30 days and that he should not be bound by those admissions. The undersigned concludes that it need not decide this issue because plaintiff is entitled to summary judgment irrespective of whether the requests for admission are deemed admitted.

the defendant "did not deny he executed the seven promissory notes in question, his education was financed by the student loans, and that he did not repay the amount borrowed"). Defendant alleges in answer to the complaint that all "NDSL" accounts (presumably National Direct Student Loans) have been paid in full, but he does not explain the relevance of these loans to the Guaranteed Student Loan (GSL) at issue in this case. Defendant also generally alleges in his response brief that the government has withheld tax returns for several years in order to satisfy the debt owing under the promissory note. However, defendant fails to offer any evidence in support of his contentions, and thus has failed to meet his burden on summary judgment to "produce specific and concrete evidence of the nonexistence, payment, discharge, or deferment of the debt." *See Johnson*, 2005 WL 1355097, at *3. Accordingly, plaintiff's motion for summary judgment should be **GRANTED** and plaintiff should be entitled to the amount of $5,638.58, plus prejudgement interest from May 14, 2014 until entry of judgment, $350.00 in court costs, reflecting this Court's filing fee, and post judgment interest pursuant to 28 U.S.C. § 1961.

    **C.    Plaintiff's Motion to Dismiss Defendant's Counterclaim (Dkt. 9)/ Defendant's Motion for Summary Judgment on His Counterclaim (Dkt. 13)**

Defendant filed a counterclaim generally alleging that he had paid off his student loans in full, relying on an alleged letter from University of Detroit Mercy

stating that "your two NDSL accounts have been paid in full since 11-30-86." Defendant further alleged that plaintiff withheld federal and state income tax returns with relation to the debt alleged in the promissory note, and he requests the return of all money withheld.

Plaintiff argues that defendant's counterclaim should be dismissed for failure to state a claim because the counterclaim does not allege any specific cause of action against plaintiff, but merely states a litany of untrue and irrelevant complaints. In response, plaintiff asserts that he is stating a claim for unjust enrichment based on the government's failure to release monies allegedly withheld to the student loan department.

The undersigned agrees that defendant's counterclaim fails to identify or allege any plausible cause of action against plaintiff, and therefore should be dismissed for failure to state a claim. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the plaintiff pleads factual content sufficient to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* Defendant's counterclaim contains a series of allegations that his two NDSL loans were paid off, that federal and state

11

tax returns were taken, totaling $762.75, and he requests that the money be returned to him, that the Certificate of Indebtedness is improper, and that collection of the debt is barred by the statute of limitations. (Dkt. 4). The counterclaim does not identify any cause of action alleged, or state facts supporting the elements of any cause of action, and therefore should be dismissed.

To the extent defendant is attempting to state a claim for unjust enrichment against plaintiff, as he now asserts, that claim would fail. The elements of a claim for unjust enrichment are: (1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant. *Dumas v. Auto Club Ins. Ass'n*, 437 Mich. 521, 546; 473 N.W.2d 652 (1991). In such instances, the law operates to imply a contract in order to prevent unjust enrichment. *Barber v. SMH (US), Inc.*, 202 Mich. App. 366, 375; 509 N.W.2d 791 (1993). However, a contract will be implied only if there is no express contract covering the same subject matter. *Id.* Here, there was an express written agreement between the parties regarding the student loan–the promissory note–and the Court therefore cannot imply an agreement and a claim for unjust enrichment fails as a matter of law. *See King v. Ford Motor Credit Co.*, 257 Mich. App. 303; 668 N.W.2d 357 (2003) ("[A] contract will not be implied under the doctrine of unjust enrichment where a written agreement governs the parties' transaction."); *see also United States v. Manoussos*, 2012 WL 899565, at

12

\*5 (E.D.N.Y. Mar. 16, 2012) (denying defendant's unjust enrichment claim because the promissory note is a contract between the parties). Therefore, plaintiff's motion to dismiss defendant's counterclaim should be **GRANTED**, defendant's counterclaim should be **DISMISSED**, and defendant's motion for summary judgment should be **DENIED as moot**.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment and to dismiss defendant's counterclaim (Dkt. 9) be **GRANTED** and that defendant's motion for summary judgment on his counterclaim (Dkt. 13) be **DENIED as moot**. Plaintiff should be entitled to the amount of $5,638.58, plus prejudgement interest from May 14, 2014 until entry of judgment, $350.00 in court costs, reflecting this Court's filing fee, and post judgment interest pursuant to 28 U.S.C. § 1961.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

13

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 8, 2015              s/Michael Hluchaniuk
                                   Michael Hluchaniuk
                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on January 8, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Craig Schoenherr</u> and that I have mailed by United States Postal Service to the following non-ECF participant: <u>Earl Sylvester, 27400 Franklin Road, Apartment 619, Southfield, MI 48034.</u>

                                        <u>s/Tammy Hallwood</u>
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov